## Commonwealth v. Stein

*Morley W. Baker*, Special Deputy Attorney General, and *Herbert B. Cohen*, Attorney General, for Commonwealth.

*R. Dixon Herman*, for defendant.

RICHARDS, P. J., November 9, 1955.—Plaintiff has instituted this action in assumpsit to recover from defendant the sum of $550 paid for unemployment compensation benefits to which she was not entitled. The complaint avers that in her application for benefits defendant represented that she was totally unemployed, whereas in fact she had a salary of $50 per month during the interval involved, as secretary of a corporation. Subsequent to the payments, the bureau of employment security ruled that all claims filed by the claimant were invalid. Upon appeal, the referee affirmed this conclusion: Ex. A to the complaint. There was no appeal from the referee's decision. The complaint, as amended, states that the payments were fault payments within the meaning of section 804(a) of the Pennsylvania Unemployment Compensation Law. This was categorically denied by the answer which also averred that this court has no jurisdiction to entertain the suit. Plaintiff thereupon moved for judgment on the pleadings. Argument thereon was heard by the court en banc.

## Discussion

Section 804 (a) of the Act of December 5, 1936, P. L. (1937) 2897, 43 PS §874, so far as here relevant, reads as follows:

"(a) Any person who by reason of his fault has received any sum as compensation under this act to which he is not entitled shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation account a sum equal to the amount so received by him. Such sum shall be collectible (a) in the manner provided in this act for the collection of past due contributions, or (b) by deduction from any future compensation payable to the claimant under this act. . . ."

Past due contributions may be collected by civil action in the name of the Commonwealth: Sec. 309 of Act, 43 PS §789. Therefore, fault payments may be recovered by civil action. Non-fault payments may not, but may be recovered by future withholding only: Sec. 804 (b). Therefore, the sine qua non to bringing the suit is a finding that there was a fault payment. There is no such finding in the present case. The most that was found was that the applications were invalid. The board has the responsibility of making a finding of fault payment in the first instance. In fact they have done so in some cases, namely, decision no. B-8649, and decision no. B-7586-A. Their ruling is subject to appeal to the Superior Court: Sec. 510 of Act; 43 PS §830.

A decision of the board unappealed from, or a ruling by the Superior Court is conclusive. The Common Pleas Court in which an action is brought to recover payments, is, in our opinion, without jurisdiction to determine whether or not a payment is a fault payment. The act puts jurisdiction in the various instrumentalities of the board and in the Superior Court. Were it not so, innumerable suits might be brought

and dismissed because no fault payment was established. It must be remembered that this is not an appeal from the action taken by the board. We have no power in a case such as this to review the action taken. But when the fact of fault payment has been established conclusively, as we have above outlined, then we may entertain an action in assumpsit.

In view of these circumstances we enter the following

### Order

And now, to wit, November 9, 1955, the motion of plaintiff for judgment on the pleadings is dismissed.